UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:09CV2814 |
| Plaintiffs, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | |
| $639,016.00 IN U.S. CURRENCY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | |

This matter is before the Court on Plaintiff's Complaint against $639,016.00 in U.S. Currency (the "Currency") and Real Property Located at 4754 Joan Drive, N. Canton, Ohio, Parcel No. 28-00646 (the "Real Property"). Claimant Chevaliee Robinson filed a verified statement on August 26, 2010, asserting an interest in the seized currency. The Court held an evidentiary hearing on the merits of Robinson's claim on July 15, 2011. Having reviewed all of the evidence before it, the Court finds that the Defendants Currency and Real Property are subject to civil forfeiture. Claimant Robinson's claim is DISMISSED.

I. **BACKGROUND**

This case arises out of an investigation into the distribution of methamphetamines in the Northern District of Ohio. On December 5, 2005, Frank Pignatelli consented to a search by law enforcement officers of his residence in Akron, Ohio. During that search, law enforcement officers confiscated money from a desk drawer in Pignatelli's home. Hidden behind a padlocked wooden panel in his bedroom, the officers found two soft-sided brief cases containing additional currency, a passport, and bank documents, along with two shot guns. The officers seized a total of $639,016.00 in United States currency from Pignatelli's home. The Government claims that the Currency is subject to civil forfeiture because it was involved in a money laundering offense

under 18 U.S.C.A. § 1956.  Pignatelli pleaded guilty to conspiracy to launder monetary instruments in violation of 18 U.S.C.A. § 1956(h) and agreed not to contest the forfeiture of the currency.  Claimant Chevaliee Robinson filed a claim for ownership of the Currency.

The Real Property was purchased by Pignatelli in 1999 for $150,000.00.  Pignatelli is the titled owner of the Real Property. The Government claims that the Real Property is subject to civil forfeiture because it was involved in a money laundering offense under 18 U.S.C.A. § 1956.  Neither Pignatelli nor Robinson contests the forfeiture of the Defendant Real Property.

**II. LAW AND ANALYSIS**

Pursuant to 18 U.S.C.A. § 983(c), in a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property--

> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
>
> (2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and
>
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

The Government established by a preponderance of the evidence that there is a substantial connection between the Currency and a criminal offense. The Government provided testimony from Charles Rowland, an agent with the Ohio Bureau of Criminal Identification and Investigation, and proffered the testimony from a second witness.

Rowland testified in detail regarding the investigation of Pignatelli that lead to the search of Pignatelli's home and confiscation of the Currency.  He testified regarding the statements made by Pignatelli regarding the origin of the Currency.  Moreover, the Government introduced

the judgment entry from Pignatelli's criminal proceeding, in which he pleaded guilty to conspiracy to launder monetary instruments in violation of 18 U.S.C.A. § 1956(h) and agreed not to contest the forfeiture of the Currency. Through the testimony of Rowland, the Government proved that there is a substantial connection between the Currency and the commission of a money laundering offense under 18 U.S.C.A. § 1956.

Robinson, however, claims that he is the rightful owner of the Currency seized from Pignatelli's home. Under 18 U.S.C.A. § 983(d)(1), an innocent owner's interest in property shall not be subject to civil forfeiture. A claimant claiming to be an innocent owner of the subject property has the burden of proving that the claimant is an innocent owner by a preponderance of the evidence. An innocent owner is one who "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C.A. § 983(d)(2)(A).

Claimant Robinson failed to prove by a preponderance of the evidence that he is an innocent owner of the Currency. In fact, Robinson provided no evidence that the money seized from Pignatelli's home belonged to him, or that he had no knowledge of the money laundering operation engaged in by Pignatelli. Robinson requested additional time to provide the court with papers that he claimed would demonstrate that he is the rightful, and innocent, owner of the Currency. The Court gave Robinson ten days to provide this information. Yet, Robinson failed to do so. Even more than 90 days after the hearing, Robinson has not provided the Court with any evidence that he is an innocent owner of the Currency[1].

---

[1] Additionally, the Government set forth evidence demonstrating that even if the currency belonged to Robinson, he had obtained it through engaging in criminal activity, namely the transportation, distribution, and sale of illegal drugs.

**III. CONCLUSION**

For the foregoing reasons, the Court finds that the Government established by a preponderance of the evidence that the Defendant Currency, totaling $639,016.00, and Defendant Real Property Located at 4754 Joan Drive, N. Canton, Ohio, Parcel No. 28-00646 are subject to civil forfeiture.  Claimant Robinson failed to demonstrate by a preponderance of the evidence that he is an innocent owner of Defendant Currency.  Therefore, Claimant Robinson's claim for Defendant Currency is, hereby, dismissed.

Within 14 days of this order, the Government shall file a motion for forfeiture along with a proposed order of forfeiture.

IT IS SO ORDERED.


DATED:  November 10, 2011        */s/ John R. Adams*
                                 Judge John R. Adams
                                 UNITED STATES DISTRICT COURT